MARK J. REICHEL, State Bar #155034
THE LAW OFFICES OF MARK J. REICHEL
455 CAPITOL MALL, 8th FLOOR, Suite 802
Sacramento, California  95814
Telephone: (916) 498-9258
FAX:      (916) 441-6553
mark@reichellaw.com
www.reichellaw.com

Attorney for Movant
ANTHONY SILVA

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEIZURE OF ONE HTC CELL PHONE, ONE ASUS LAP TOP COMPUTER AND DELL LAP TOP COMPUTER<br><br>ANTHONY SILVA<br><br>            MOVANT,<br>_____<br><br>UNITED STATES OF AMERICA<br><br>            Respondent<br>_____ | Misc. Civil 15-01027<br><br>**NOTICE OF MOTION AND MOTION FOR RETURN OF SEIZED PROPERTY PURSUANT TO FED. R. CR. PROC. 41(g)**<br><br>**Date: TBD**<br>**Time: TBD**<br>**Hon.: TBD**<br>**Courtroom: TB** |

**TO THIS HONORABLE COURT AND TO THE DEPARTMENT OF HOMELAND SECURITY AND THE UNITED STATES OF AMERICA THROUGH THEIR ATTORNEY:**

**PLEASE TAKE NOTICE THAT** on a date to be determined, at a time to be determined, in the courtroom of a judge to be determined, of the United States Courthouse, 501 I Street, Sacramento, California, 95814, Movant, by and through his counsel, will move the Court for an order returning the

above-captioned seizure property under Federal Rule Criminal Procedure 41(g). This motion is based on the Fourth and Fifth Amendments of the United States Constitution, the Court's equitable jurisdiction, Rule 41(g) of the Federal Rules of Criminal Procedure, all other relevant statutes and administrative rules and regulations, the attached Memorandum of Points and Authorities, the Declaration and upon any other oral or documentary evidence which may be adduced at the hearing on this motion.

Dated: October 2, 2015

                Respectfully submitted,

                /s/ *Mark J. Reichel*

                By: Mark J. Reichel

                Attorney For Anthony Silva

**MEMORANDUM OF POINTS AND AUTHORITIES**

Fed. R. Crim Pro 41 Demand For Return of Property

> (g) Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings

Movant hereby moves under Federal Rule Crim Pro 41(g) for the immediate return of the following property which was seized, searched and retained by Sacramento Department Of Homeland Security Agents on September 28, 2015, specifically agent Derrick Osborne whose office is in Sacramento,

California. The seizure of the property was without a warrant, was without reasonable suspicion, and the continuing seizure and possession and searching by the Department of Homeland Security is illegal and violative of Anthony Silva (movant's) constitutional rights. For example See *Riley v. California*, 134 S.Ct. 2473, 189 L. Ed. 2d 430 (2014).

The search occurred at the airport, and as such, the United States Attorney's Offices in California are bound by the precedent from the Ninth Circuit Court of Appeals. As the Department of Justice agrees, a search which takes place at the airport involving a passenger traveling to and from California should be assessed utilizing the Ninth Circuit precedent set forth in *United States v. Cotterman*, 709 F.3d 952 (9th Cir. 2013). In *Cotterman*, the Ninth Circuit announced that reasonable suspicion was required before investigators could undertake the forensic examination of a computer hard drive as part of a search that began as a cursory review at the border. 709 F.3d at 957. In this case, no articulable reasonable suspicion can be shown whatsoever; a forensic examination of all devices is undoubtedly taking place illegally and in direct violation of the teachings set out in *Cotterman*.

"Reasonable suspicion" necessary for the seizure and search underway has been defined by the Supreme Court as "a particularized and objective basis for suspecting the particular person stopped of criminal activity." *United States v. Cortez*, 449 U.S. 411, 417–18 (1981). The standard is met when a law enforcement officer can point to

3

"specific and articulable facts," which, when considered together with the rational inferences that can be drawn from those facts, indicate that criminal activity "may be afoot." *Terry v. Ohio*, 392 U.S. 1, 21, 30 (1968). Here, your offices never even articulated what is it that the officers reasonably suspected. A review of the cases decided in the wake of *Terry* makes it clear that the reasonable suspicion standard relates to ongoing or imminent crime. See *Cortez*, 449 U.S. at 417 ("An investigatory stop must be justified by some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity."); *United States v. Edmonds*, 240 F.3d 55, 59 (D.C. Cir. 2001) ("[T]he issue is whether a reasonably prudent man in the circumstances would be warranted in his belief that the suspect is breaking, or is about to break, the law.") (citation and internal quotation marks omitted).

    The detention, search and seizure is unlawful. Mr. Silva, who was not free to leave when he was detained and questioned by the officers of DHS, refused to provide his password for the electronic devices. Despite his many refusals to provide that password, the DHS officers insisted that he had no such right and also that he was required to provide the password. He has a valid Fifth Amendment Right to not provide the passwords, and the officers were in direct violation of those rights to insist and "require" that he provide them. *United States v. Kirschner*, 823 F. Supp. 2d 665 (E.D. Michigan 2010).

"Rule 41(g) [of the Federal Rules of Criminal Procedure] is an appropriate means of obtaining the return of property improperly seized by the government." *United States v. Comprehensive Drug Testing, Inc*., 579 F.3d 989, 1001 (9th Cir. 2009); *Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993). Where "the motion is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction." *Comprehensive Drug*, 579 F.2d at 1001. "[T]he motion is treated as a civil complaint seeking equitable relief." *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir.2003). It is therefore "governed by the Federal Rules of Civil Procedure." *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir.2008)

This Court must exercise jurisdiction under Rule 41(g).
**The property which is the subject of this motion is:**
ONE HTC CELL PHONE
ONE ASUS LAP TOP COMPUTER
ONE DELL LAP TOP COMPUTER
 which were taken against his will by DHS officer Derrick Osborne on September 28, 2015.

Movant has been diligent throughout the duration of the seizure and has attempted to contact and consult with DHS to no avail. Moreover, any assertion and asserted alleged legality o the DHS conduct are invalid under all applicable federal laws.

5

WHEREFORE, the Movant moves this Court to issue an order directing the United States Government to: (1) immediately unfreeze, release and return the above-referenced property to Movant; (2) for any other relief this Court deems just and proper; or, set a date for an evidentiary hearing wherein the Government can attempt to demonstrate why the relief prayed for should not be granted.

DATED: October 2, 2015

*Mark J. Reichel*
MARK J. REICHEL

**DECLARATION OF MARK J. REICHEL**

I, Mark J. Reichel, hereby declare as follows:

I am informed and believe, and thereon allege, that the above described cell phone and lap top computers, (hereinafter "devices") were seized from my client ANTHONY SILVA as set forth herein, and that no warrant has been shown, mentioned or provided, nor has reasonable suspicion been provided or exist for the seizure, search and retention of the devices.

I have written a letter and an email, and left several phone messages on the dates September 28, 2015 and September 29, 2015, with a request for the immediate return of the devices. I have received no response at all to these messages.

I have drafted the contents of this Motion and know the contents thereof to be true and correct, to the best of my knowledge and abilities; as to all matters stated on

information and belief I believe them to be true.

DATED October 2, 2015

*Mark J. Riechel*

MARK J. REICHEL