UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SEIZURE OF ONE HTC CELL PHONE, ONE ASUS LAP TOP COMPUTER AND DELL LAP TOP COMPUTER, <br><br> ANTHONY SILVA, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERIA, <br><br> Respondent. | No. 2:15-mc-0112 TLN AC <br><br><br> ORDER |

  This motion has been referred to the undersigned by the district judge presiding over this case. ECF No. 2. It appears that this motion should be treated as a civil equitable proceeding. Kardoh v. United States, 572 F.3d 697, 700 (9th Cir. 2009) ("[w]here no criminal proceeding is pending, a district court has discretion to hear a motion for the return of property as a civil equitable proceeding") (citing United States v. Kama, 394 F.3d 1236, 1238 (9th Cir. 2005)); United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) (in the absence of an impending administrative forfeiture proceeding, "the district court was required to treat the motion as a civil complaint governed by the Federal Rules of Civil Procedure").

  This motion does not appear to have been served upon Respondent, and Respondent has

1

made no appearance to date.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant shall serve a copy of the motion and this order on the United States forthwith, but in any event no later than October 16, 2015 at 10:00 a.m.

2. A preliminary (informal) Status Conference is set for October 28, 2015 at 10:00 a.m., in Courtroom No. 26 before the undersigned. All parties shall appear by counsel or in person if acting without counsel, and any party may appear telephonically by contacting the courtroom deputy (Valerie Callen, (916) 930-4199 or vcallen@caed.uscourts.gov) at least two days in advance. The parties shall be prepared to discuss a schedule for briefing[1] and a hearing on the motion, whether an evidentiary hearing is required, and any other matter relevant to this proceeding. The parties are encouraged to file a joint proposed briefing and hearing schedule before the status conference.

DATED: October 13, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties will be required to brief the factors set forth in <u>Kama</u>, 394 F.3d at 1238:

> "[B]efore a district court can reach the merits of a pre-indictment [Rule 41(g) ] motion," the district court must consider whether: (1) "the Government displayed a callous disregard for the constitutional rights of the movant"; (2) "the movant has an individual interest in and need for the property he wants returned"; (3) "the movant would be irreparably injured by denying return of the property"; and (4) "the movant has an adequate remedy at law for the redress of his grievance."

2